UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DELROY ASKINS,

                Plaintiff,

      -against-

THE CITY OF NEW YORK: POLICE DEPARTMENT; THE 25TH PRECINCT + EMPLOYEES,

                Defendants.

1:22-CV-9277 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Delroy Askins, who is appearing *pro se*, filed this action invoking the Court's federal question jurisdiction, asserting that the legal bases for the Court to consider Plaintiff's claims under its federal question jurisdiction are his "civil rights, [his] human rights[,] and [that he] believe[s] the [Americans with Disabilities Act of 1990 ("ADA")] rights have been violated." (ECF 2, at 2.) Plaintiff sues the City of New York, as well as the "Police Department, the 25th Precinct," and "employees," which the Court understands to be the New York City Police Department ("NYPD"), its 25th Precinct, and that precinct's employees. Plaintiff seeks $1,000,000 in damages, as well as unspecified injunctive relief against the City of New York and the NYPD's 25th Precinct. The Court construes Plaintiff's complaint as asserting claims of federal constitutional violations under 42 U.S.C. § 1983, as well as claims under Title II of the ADA and the Rehabilitation Act of 1973.

      By order dated October 31, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action, but grants Plaintiff leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine

whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following: Plaintiff is a wheelchair-bound paraplegic. In August 2021, he was robbed, and his life was threatened, at the intersection of 125th Street and Lexington Avenue, in New York, New York. On August 4, 2021, a person employed at the NYPD's 25th Precinct "contacted [Plaintiff] . . . to see what they [could] do regarding . . . the robbery." (ECF 2, at 8.) Plaintiff then made many visits and telephone calls to the NYPD's 25th Precinct, but he has since come to believe that individuals employed at that precinct have discriminated against him.

Plaintiff later sought assistance from the New York City Civilian Complaint Review Board ("CCRB"), which referred the matter to the NYPD's Police Headquarters; Plaintiff has not received any type of response from the CCRB or Police Headquarters. The NYPD's 25th Precinct "seems to [have] default[ed] on their responsibility [to] the citizens of Harlem," which is the New York City neighborhood where Plaintiff resides, and to the citizens of New York City as a whole. (*Id.*) "[T]he consequences of this [d]iscrimination [are that Plaintiff has] suffered, humiliation, and emotional distress[,] just to name [a] few." (*Id.*)

## DISCUSSION

A.   **The NYPD and the NYPD's 25th Precinct**

The Court must dismiss Plaintiff's claims against the NYPD and the NYPD's 25th Precinct because agencies of the City of New York, such as these defendants, are not entities that can be sued separately from the City. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by

3

law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Plaintiff has named, along with the NYPD and the NYPD's 25th Precinct, the City of New York as an additional defendant in this action. Accordingly, the Court dismisses Plaintiff's claims against the NYPD and the NYPD's 25th Precinct for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Claims under 42 U.S.C. § 1983**

    **1.      Claims under Section 1983 against the City of New York**

The Court must dismiss Plaintiff's claims under Section 1983 against the City of New York. When a plaintiff sues a municipality, such as the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

If there is no underlying constitutional violation, however, the Court need not examine whether the municipality is liable under Section 1983. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006). Government officials, including police officers, generally have no federal constitutional duty to investigate or protect an individual from harm. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989); *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 192 (2d Cir. 1994); *see also Baltas v. Jones*, 3:21-CV-0469, 2021 WL 6125643, at *14 (D. Conn. Dec. 27, 2021) (The plaintiff "has no 'constitutional right to an investigation of any kind by government officials.'") (citation omitted); *Buari v. City of New York*, 530 F. Supp. 3d 356, 389 (S.D.N.Y. 2021) ("[T]here is no constitutional right to an adequate investigation. . . . Accordingly, a failure to investigate is not independently cognizable as a stand-alone claim under Section 1983.") (internal quotation marks and citation omitted).

There are two recognized exceptions to this general rule: (1) "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being," *DeShaney*, 489 U.S. at 199-200; (2) when government officials affirmatively create or increase danger to the plaintiff, *see, e.g.*, *Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008). In this context, the plaintiff must also show that a government official's "behavior was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* (citation omitted).

To the extent that Plaintiff asserts that members of the NYPD have failed to protect him or investigate harm that has come to him, he does not allege any facts suggesting that either of these two exceptions is applicable here. He also does not allege any facts showing that a policy,

custom, or practice of the City of New York caused a violation of his federal constitutional rights. The Court therefore dismisses Plaintiff's claims under Section 1983 against the City of New York for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file an amended complaint in which he alleges facts sufficient to state a claim under Section 1983 against the City of New York.

    **2.**    **Claims under Section 1983 against individual NYPD employees**

The Court must also dismiss Plaintiff's claims against individual NYPD employees. To state a claim under Section 1983, a plaintiff must allege facts showing the individual defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official. . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff names as defendants generally, as a group, unidentified individual employees of the NYPD's 25th Precinct, but he does not allege any facts showing how any of these individuals was personally and directly involved with any violations of his federal constitutional rights. The Court therefore dismisses Plaintiff's claims under Section 1983 against these defendants for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). The Court,

however, grants Plaintiff leave to file an amended complaint in which he names specific individuals as defendants and alleges facts showing how each of these defendants was personally and directly involved in the alleged violations of Plaintiff's constitutional rights.[1]

## C. Claims under the Title II of the ADA and the Rehabilitation Act

Plaintiff has offered information in his complaint suggesting that he has a disability and that the experiences alleged in the complaint constitute discrimination. Accordingly, the Court construes Plaintiff's complaint as asserting claims of disability discrimination under Title II of the ADA and the Rehabilitation Act against the City of New York.[2] Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[3] 42 U.S.C. § 12132. Under the Rehabilitation Act:

> no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be

---

[1] If Plaintiff does not know the name of an individual defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. Plaintiff may, for example, identify an individual defendant as "NYPD Police Officer John Doe, assigned to the 55th Precinct desk, who was on duty on August 31, 2022, during the 7 a.m. to 3 p.m. tour of duty."

[2] Courts have held that the ADA and the Rehabilitation Act do not provide for liability of individuals in their individual capacities. *See, e.g.*, *Goe v. Zucker*, 43 F.4th 19, 35 (2d Cir. 2022) (Rehabilitation Act), *petition for cert. filed*, (Nov. 1, 2022); *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) (Rehabilitation Act and Title II of the ADA). Additionally, "[t]here is no longer a need to bring official-capacity actions against local government officials [because] local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (discussion in the Section 1983 context). Thus, the proper defendant for such claims here is the City of New York. *See* N.Y. City Charter ch. 17, § 396; *cf. Coon v. Town of Springfield*, 404 F.3d 683, 687 (2d Cir. 2005) ("[A] § 1983 suit against a municipal officer in his official capacity is treated as an action against the municipality itself.").

[3] The City of New York, as a local government, is a "public entity" under Title II of the ADA. *See* 42 U.S.C. § 12131(1)(A).

>denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a). The definition of "disability" under the ADA and the definition of an individual with a disability under the Rehabilitation Act are identical. *See* 42 U.S.C. § 12102(1) (ADA); 29 U.S.C. § 705(20)(B) (Rehabilitation Act). Because the standards under Title II of the ADA and the Rehabilitation Act "are generally the same and the subtle distinctions between the statutes are not implicated in this case, '[the Court will] treat claims under the two statutes identically'" for the purposes of this order, except where otherwise noted. *Wright v. N.Y. State Dep't of Corrs.*, 831 F.3d 64, 72 (2d Cir. 2016) (quoting *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003)).

To state a claim under Title II of the ADA or under the Rehabilitation Act, the plaintiff must allege that (1) the plaintiff is a qualified individual with a disability; (2) the defendant is subject to the ADA or the Rehabilitation Act; and (3) the plaintiff was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant, by reason of the plaintiff's disability.[4] *Shomo v. City of New York*, 579 F.3d 176, 185 (2d Cir. 2009) (quoting *Henrietta D.*, 331 F.3d at 272). "Additionally, to establish a violation under the Rehabilitation Act, a plaintiff must show that the

---

[4] Following the Supreme Court of the United States's ruling in *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176-77 (2009), in which it held that "age discrimination must be the 'but-for' cause of an adverse employment action for . . . liability to attach" under the Age Discrimination in Employment Act (ADEA), the United States Court of Appeals for the Second Circuit has not decided whether "but-for" causation or "mixed motive" causation is required to state a claim under Title II of the ADA or a non-employment discrimination claim under the Rehabilitation Act. *Bolmer v. Oliveira*, 594 F.3d 134, 148-49 (2d Cir. 2010) (discussion in the context of Title II of the ADA). *But cf. Natofsky v. City of New York*, 921 F.3d 337 (2d Cir. 2019) (holding that "but-for" causation applies to employment discrimination claims brought under the Rehabilitation Act).

defendant[] [is either a federal executive agency, the United States Postal Service, or] receive[s] federal funding." *Henrietta D.*, 331 F.3d at 272; *see* § 794(a).

The Court assumes, for the purpose of this order, that Plaintiff is a qualified individual with a disability, that the City of New York is subject to the requirements of Title II of the ADA and the Rehabilitation Act, and that the City of New York (NYPD) receives federal funding. Plaintiff has alleged no facts, however, showing that he was denied the opportunity to participate in or benefit from the City of New York's (NYPD's) services, programs, or activities, or was otherwise discriminated against by the City of New York (NYPD), *by reason of* his disability. The Court therefore dismisses Plaintiff's claims under Title II of the ADA and the Rehabilitation Act against the City of New York for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff leave to file an amended complaint in which he alleges fact sufficient to state a claim against the City of New York under Title II of the ADA and/or the Rehabilitation Act.

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff leave to file an amended complaint, as specified above, within 30 days of the date of this order. If Plaintiff fails to file an amended complaint within the time allowed, or fails to set forth good cause why he is unable to file an amended complaint in compliance with this order within the time allowed, the Court will enter judgment dismissing this action for failure to state a claim on which relief may be granted. *See id.*

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 5, 2022
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge